**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3387
_____

ZONG TAN ZOU,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A200-916-113)
Immigration Judge:  Honorable Amiena A. Khan
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 15, 2016
Before:  AMBRO, GREENAWAY, JR. and SLOVITER[1], <u>Circuit</u> <u>Judges</u>

(Filed: May 4, 2016)
_____

OPINION[*]
_____

---

[1] The Honorable Dolores K. Sloviter participated in the decision in this case.  Judge
Sloviter assumed inactive status on April 4, 2016 after the submission date, but before the
filing of the opinion.  This opinion is filed by a quorum of the panel pursuant to 28
U.S.C. § 46(d) and Third Circuit I.O.P. Chapter 12.

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Zong Tan Zou petitions for review of his final order of removal. We will deny the petition.

I.

Zou is a citizen of China who entered the United States illegally in 2010 and who concedes that he is removable for that reason. Zou applied for asylum, withholding of removal and relief under the Convention Against Torture. Zou claims to have suffered past persecution and to face persecution and torture in the future on account of his opposition to China's family planning policies.

In particular, Zou claims that he tried to physically prevent family planning cadres from taking his girlfriend to a hospital for a forced abortion. As a result, the cadres pushed Zou to the ground and struck him approximately 20 times all over his body. The beating left him with bruises and a bloody nose. The cadres then took Zou to the police, who administered a similar beating when he refused to admit that he had interfered with the cadres and had violated the family planning policies. The police detained Zou for eight days and gave him inadequate food before releasing him when his family paid a 5,000 RMB fine. Zou sought medical attention, and a doctor provided him with anti-inflammatory medication and unidentified pain killers. The cadres also sent a letter to his employer, which terminated his employment. Zou later went to a family planning office and accused them of killing his baby and violating his human rights. The officials did not

harm him, but they kicked him out of the office and warned him that they would take him back to the police if he returned. Zou left for the United States shortly thereafter. He testified that no officials have contacted his parents since he left and that he does not know if anyone is looking for him in China.

The Immigration Judge ("IJ") found Zou's testimony credible but denied relief and ordered his removal to China. The IJ denied asylum because she concluded that Zou's beatings and detention did not rise to the level of persecution and that he did not otherwise show a well-founded fear of persecution in the future. The IJ also denied withholding because she concluded that Zou failed to prove a likelihood of persecution or torture if returned. Zou appealed to the Board of Immigration Appeals ("BIA"), which dismissed his appeal on the merits. The BIA essentially agreed with the IJ and rejected Zou's argument that the IJ failed to address the totality of the circumstances in concluding that he had not suffered past persecution.

Zou was represented by counsel before the IJ and BIA, but he petitions for review pro se. We have jurisdiction pursuant to 8 U.S.C. § 1252(a).

## II.

The only issue that Zou raises in his brief is whether the BIA erred in determining that his past physical mistreatment in China did not rise to the level of persecution, which would have given rise to a rebuttable presumption that he has a well-founded fear of

3

persecution in the future.  See Jarbough v. Att'y Gen., 483 F.3d 184, 191 (3d Cir. 2007).[2]

We review the BIA's ruling on this issue for substantial evidence and may disturb it

"only if the evidence compels a contrary conclusion."  Id. (quotation marks omitted).[3]  To

the extent that the BIA's ruling implicates an issue of law, we review it de novo.  See

Huang v. Att'y Gen., 620 F.3d 372, 379 (3d Cir. 2010).

Zou relies on Second Circuit authority for the proposition that his mistreatment

"may well" have risen to the level of persecution because it occurred in a custodial

context and was inflicted on a protected ground.  See, e.g., Beskovic v. Gonzales, 467

F.3d 223, 226 (2d Cir. 2006).  The BIA, however, properly relied on this Court's

precedent in concluding otherwise.

We have held that persecution encompasses only "severe" and "extreme conduct"

and "does not encompass all treatment that our society regards as unfair, unjust, or even

unlawful or unconstitutional."  Fatin v. INS, 12 F.3d 1233, 1240 & n.10 (3d Cir. 1993).

Since then, we have repeatedly held that isolated beatings and detentions that do not

_____

[2] Zou also asserts at various points that the IJ erred in making an adverse credibility
determination, but the IJ made no such determination and instead deemed Zou's
testimony credible.

[3] The Government argues that this standard applies but that we should refer to it as the
"compelling evidence" standard rather than the "substantial evidence" standard because
the statute in which it is set forth does not use the term "substantial evidence."  See 8
U.S.C. § 1252(b)(4)(B).  As we have explained, however, that statute codified the
substantial evidence standard as the United States Supreme Court had defined it.  See
Korytnyuk v. Ashcroft, 396 F.3d 272, 286 (3d Cir. 2005).  We see no reason to depart
from the substantial evidence nomenclature, which is both well-established and widely
understood.

4

result in serious injury do not rise to the level of persecution. See, e.g., Kibinda v. Att'y Gen., 477 F.3d 113, 119-20 (3d Cir. 2007) (five-day detention and beating requiring stitches and leaving a scar was not "severe enough to constitute persecution under our stringent standard"); see also Voci v. Gonzales, 409 F.3d 607, 615 (3d Cir. 2005) ("While this Court has not yet drawn a precise line concerning where a simple beating ends and persecution begins, our cases suggest that isolated incidents that do not result in serious injury do not rise to the level of persecution.").

As the BIA explained in this case, Zou's beatings and detention were only two isolated incidents on the same day and did not appear to result in any serious harm. The BIA's conclusion is consistent both with our precedent and with the record. Zou has not acknowledged our precedent in this area. Zou also has raised no evidence of record calling the BIA's conclusion into question, and our review reveals no such evidence. In addition to Zou's physical mistreatment, the BIA expressly considered his claim in the context of his mistreatment as a whole, including the fine paid by his family and his loss of employment. See Cheng v. Att'y Gen., 623 F.3d 175, 192-93 (3d Cir. 2010). Zou has not raised any claim of error in that regard, and we discern no basis for one.[4]

III.

---

[4] The Government identifies a single sentence in Zou's brief in which he may be arguing that he demonstrated a well-founded fear of persecution even in the absence of his past mistreatment. (Pet'r's Br. at 19.) The sentence actually refers only to past persecution. To the extent that it could be read otherwise, however, it raises no specific challenge to the BIA's ruling and our review reveals no basis for such a challenge for the reasons argued by the Government and explained by the BIA.

For these reasons, we will deny Zou's petition for review.